UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ISRAEL SANTIAGO,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    3:19cv1659 (KAD) |
| HAMDEN CONNECTICUT POLICE<br>DEPARTMENT, POLICE SERGEANT<br>DOHERTY, OFFICER VENDITTO,<br>    Defendants. | :<br>:<br>:<br>:<br>: |

## **INITIAL REVIEW ORDER**

On October 22, 2019, the *pro se* plaintiff, Israel Santiago, currently incarcerated at Garner Correctional Institution, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against the Hamden Police Department, Sergeant Doherty, and Officer Venditto. Compl. [ECF No. 1]. He seeks damages and injunctive relief[1] due to violations of his constitutional rights arising out of his arrest on September 7, 2015. For the following reasons, the complaint is dismissed.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] The plaintiff's complaint does not indicate what he requests by way of injunctive relief.

1

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**Allegations**

On September 7, 2015, the plaintiff led the Hamden police officers on a chase. Compl. at 2 ¶ 1 [ECF No. 1]. The plaintiff accelerated his vehicle in an attempt to get away from the police because he feared that he would be shot and lose his life. *Id.* at ¶ 2. Sergeant Doherty struck the plaintiff's vehicle.[2] *Id.* at ¶ 3. After the plaintiff's vehicle spun out and became inoperable, Sergeant Doherty fired his weapon. *Id.* at ¶ 4. The plaintiff set out on foot fearing for his life due to the multiple gun shots. *Id.* at ¶ 5. The plaintiff had no weapons and did not pose a threat. *Id.* In an attempt "to get away in any manner possible[,]" the plaintiff jumped into a river. *Id.* at ¶ 6. Thereafter, the plaintiff was tased, and he put his hands up in an attempt to surrender. *Id.* He pulled out the taser prongs and yelled, "I give up! Please! Don't hurt me!" *Id.*

---

[2] The Court assumes that the plaintiff is alleging that Sergeant Doherty's police vehicle struck the plaintiff's vehicle.

Officer Venditto slammed him to the ground face first and applied the hand restraints tight in an unlawful manner. *Id.* at ¶ 7.

The plaintiff did not pose a threat to the police officers so as to warrant the use of deadly force. *Id.* at ¶ 8.

At trial, the defendant police officers lied and made false allegations on the stand. *Id.* at ¶ 11. The charges against the plaintiff were later thrown out. *Id.*

Hamden Police Officers have a common unlawful practice of firing their firearms or using deadly force on humans and their non-moving vehicles. *Id.* at 12.

**Discussion**

The plaintiff alleges that the defendant police officers used excessive force against him in violation of his Constitutional rights. He alleges violations of the Eighth and Fourteenth Amendments but claims of excessive force by police officers implicate the Fourth Amendment and will therefore be analyzed thereunder.

<u>Statute of Limitations</u>

The statute of limitations for tort claims set forth in Connecticut General Statutes § 52-577 applies to claims brought pursuant to section 1983. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 establishes a three-year limitations period for such claims running from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577.

Although federal courts look to state law to determine the applicable statute of limitations for claims arising under section 1983, the court looks to federal law to determine when a federal claim accrues. *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) ("In a federal question case ... when a federal court determines the limitations period by applying an analogous state

statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues.") (citations omitted). A federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted). In the context of an excessive force claim, a plaintiff's action accrues when plaintiff knew of his injury arising from the alleged assault. *Vilchel v. Connecticut*, No. 3:07-CV-1344(JCH), 2008 WL 5226369, at *2 (D. Conn. Dec. 11, 2008).

Although the statute of limitations is generally raised as an affirmative defense, the court may dismiss a claim where the allegations of the complaint demonstrate that the relief sought is barred by the statute of limitations. *Walters v. Indus. And Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *Reese v. Lightner*, No. 3:18cv1922 (KAD), 2019 WL 2176342, at *3 (D. Conn. May 20, 2019) (collecting cases).

The plaintiff's claims are based on the events of September 7, 2015. Because the plaintiff did not file this complaint until October 22, 2019, he cannot bring claims under 42 U.S.C. § 1983 for conduct that occurred prior to October 22, 2016. Therefore, because the allegations of excessive force all occurred on September 7, 2015, the Fourth Amendment claim is barred by the three-year statute of limitations and shall be dismissed.

<u>False Arrest and Malicious Prosecution</u>

Construed liberally, the complaint might also assert claims for false arrest and malicious prosecution. The statute of limitation for a claim of false arrest under section 1983 begins to run when the plaintiff becomes held pursuant to legal process. *See Wallace v. Kato,* 549 U.S. 384, 388–89 (2007) (statute of limitations for a claim of false arrest begins to run when plaintiff

4

"becomes held pursuant to [legal] process—when, for example, he is ... arraigned on charges.") (emphasis omitted). The Complaint suggests that the plaintiff was arrested and charged the same day on which he asserts the defendants used excessive force, September 7, 2015. The Court takes judicial notice of the superior court record regarding the underlying prosecution of the plaintiff. [3] *See Bristol v. Nassau Cnty.,* 685 Fed. App'x. 26, 28 (2d Cir. 2017) (court properly took judicial notice of state court criminal proceedings, which were "self-authenticating, publicly available records"). This record, bearing docket number N07M – CR15-0284301 – S, confirms that plaintiff was arrested on September 7, 2015. Accordingly, the false arrest claim is similarly barred by the applicable statute of limitations.

In order to prove a malicious prosecution claim, the plaintiff would have to establish: "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *Spak v. Phillips,* 857 F.3d 458, 461 n.1 (2d Cir. 2017) (quoting *Brooks v. Sweeney,* 299 Conn. 196, 210-211 (2010)).

The superior court record further reflects that the plaintiff pled guilty on June 22, 2018 to two counts of Reckless Endangerment in the First Degree and one count of Interfering with an Officer in the case for which he was arrested on September 7, 2015. He was sentenced the same day. Accordingly, the malicious prosecution claim also fails to state a claim for which relief can be granted because the plaintiff cannot establish that the prosecution terminated in his favor. *See*

---

[3] The record is maintained by the Connecticut Judicial Department and available on the public website at https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=3214afd7-1914-4793-b54c-9f3ca578d650 (last visited December 3, 2019).

*e.g. Williams v. City of Waterbury,* 2018 WL 310037, at *5 (January 5, 2018) ("Because the underlying criminal charges were resolved by a plea of guilty, [plaintiff's] false arrest claims fail as a matter of law" as he cannot establish "favorable termination" of the underlying matter.); *Biccum v. city of Watertown, New York,* 2019 WL 4752927, at *4 (N.D.N.Y. September 30, 2019) (Malicious prosecution claim dismissed because the plaintiff pled guilty to petty larceny and therefore could not prove "termination in her favor."). In addition, a guilty plea establishes probable cause for the arrest as a matter of law. *Id.* (citing *Parker v. Robenski,* 2015 WL 4041734, at *4 (N.D.N.Y. July 1, 2015)).[4] This claim is dismissed.

Claims Against the Hamden Police Department

The plaintiff also names the Hamden Police Department as a defendant. However, a municipal police department is not an independent legal entity and, therefore, is not subject to suit under section 1983. *See Rose v. City of Waterbury*, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (Connecticut statutes "contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued ... Rather, ... it is the municipality itself which possesses the capacity to sue and be sued."); *see also Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (holding that municipal police department is not a municipality or a person subject to suit under section 1983) (citing cases). Accordingly, the plaintiff cannot bring a claim under 42 U.S.C. § 1983 against the Hamden Police Department.

---

[4] The court notes that even if the false arrest claim was not barred by the statute of limitations, it would fail as a matter of law on this basis as well.

**ORDER**

For the reasons stated above, the complaint is DISMISSED with prejudice. *See* 28 U.S.C. § 1915A(b)(1). The Clerk of the Court is directed to close this case.

**SO ORDERED** this 3rd day of December 2019, at Bridgeport, Connecticut.

_____/s/_____
Kari A. Dooley
United States District Judge